IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN BIVINES, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-2587 |
| | : | |
| TEMPLE UNIVERSITY OF THE | : | |
| COMMONWEALTH SYSTEM OF HIGHER | : | |
| EDUCATION, | : | |
| Defendant. | : | |

McHUGH, J.   JANUARY 9, 2018

### MEMORANDUM

This case involves claims asserting a hostile work environment and wrongful termination by Plaintiff Hassan Bivines against Temple University, where he worked as a housekeeper from October 2009 until his termination in March 2016. The Equal Employment Opportunity Commission (EEOC) issued a right to sue letter, but in the context of denying Plaintiff's claim, characterized it as untimely. Temple argues that because the EEOC predicated its denial on timeliness, Plaintiff has failed to exhaust administrative remedies, requiring dismissal. Because I find this argument to be without merit, Defendant's Motion to Dismiss will be denied.

### I. Pertinent Facts

Following his termination in March 2016, Plaintiff mailed his Official Charge Complaint to the EEOC on December 28, 2016. Ex. A, ECF No. 14-1 at 2. The following day, the EEOC marked the Charge as received. The Charge describes the series of incidents that gave rise to Bivines's Title VII claim, and states that he was "terminated [i]n [M]arch [o]f 2016." Ex. B, ECF No. 14-1 at 5. In submitting the Charge, Plaintiff did not specify the exact day on which the termination occurred. The EEOC subsequently sent Plaintiff a right-to-sue notice, stating that

1

the EEOC was "closing its file" on Plaintiff's Charge, and offered the following explanation: "Your charge was not timely filed with EEOC; in other words you waited too long after the date(s) of the alleged discrimination to file your charge." Ex. C, ECF No. 14-1 at 9.

## II. Discussion

Title VII of the 1964 Civil Rights Act sets out procedures a Plaintiff must follow in pursuing an action for employment discrimination. For a federal court to have jurisdiction to hear a Title VII claim, a plaintiff must meet two requirements. First, the plaintiff must file a timely charge of discrimination with the EEOC. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). In Pennsylvania, a Plaintiff has 300 days from the time of an unlawful employment action to file a claim with the EEOC. 42 U.S.C. § 2000e–5(e); *Mikula v. Allegheny Cty. of PA*, 583 F.3d 181, 185 (3d Cir. 2009). Second, a plaintiff must receive a right-to-sue notice from the EEOC. *McDonnell Douglas*, 411 U.S. at 798. As the Third Circuit has explained, "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Upon receipt of a right-to-sue notice, a plaintiff has ninety days to file an action in federal court. *Id.*

Here, Defendant seeks to benefit from the explanation the EEOC provided in its right-to-sue notice to Plaintiff, arguing that because the EEOC believed Plaintiff had not filed his Charge in time, Plaintiff has not exhausted his administrative remedies. Def.'s Mot. Dismiss 5–6, ECF No. 13. Defendant concedes that it "is not in a position to know the EEOC's precise rationale for concluding that [P]laintiff's charge was untimely," but nonetheless contends that the EEOC's finding should compel dismissal of Plaintiff's Complaint. *Id.*

I disagree. By filing his Charge with the EEOC, and receiving a right-to-sue notice, Plaintiff has met the basic requirements for federal jurisdiction. To accept Defendant's position would create an additional jurisdictional prerequisite not set forth in Title VII or recognized by any appellate court. Title VII's time limitations are "in the nature of statutes of limitation" and "do not affect [a] district court's subject matter jurisdiction." *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986). In the seminal Title VII case of *McDonnell Douglas Corporation v. Green*, the Supreme Court approvingly cited language from federal circuit court opinions: "[T]he courts of appeal have held that, in view of the large volume of complaints[1] before the Commission and the nonadversary character of many of its proceedings, 'court actions under Title VII are de novo proceedings . . . .'" 411 U.S. 792, 799 (1973). In addressing a claim for which the EEOC had not made a reasonable cause determination, the Court refused to "engraft on [Title VII] a requirement which may inhibit the review of claims of employment discrimination in the federal courts." *Id*. I find the Court's reasoning pertinent to the issue here, and conclude that I have jurisdiction to review Plaintiff's claim.

In cases where the EEOC has issued a right-to-sue notice stating that a plaintiff did not file a timely claim with the EEOC, federal courts routinely review Title VII complaints to determine whether the charge may nonetheless be deemed timely. Courts have evaluated whether such doctrines as equitable tolling, continuing violation, or relation back might apply, or whether a more accurate interpretation of the date on which an adverse employment action occurred might place the plaintiff within the applicable filing deadline, thereby allowing the plaintiff to proceed with the claim in federal court. *See, e.g.*, *Hammer v. Cardio Med. Prod.,*

---

[1] In that regard, EEOC staffing resources are relevant. For fiscal year 1980, the EEOC had the equivalent of 3,390 full time employees. As of fiscal year 2017, that was reduced to 2,082.

https://www.eeoc.gov/eeoc/plan/budgetandstaffing.cfm   (retrieved 1/08/09)

*Inc.*, 131 F. App'x 829, 832 (3d Cir. 2005); *Leonard v. Bristol Twp. Sch. Dist.*, No. 09-cv-4692, 2010 WL 2995540, at *5 (E.D. Pa. July 28, 2010); *Snyder v. Teamsters Local No. 249*, No. 02-cv-0216, 2005 WL 2140352, at *6 (W.D. Pa. Sept. 2, 2005); *Walker v. Linklaters LLP*, 948 F. Supp. 2d 396, 400 (S.D.N.Y. 2013); *Fichera v. State Univ. of New York at Oswego*, No. 04-cv-0078, 2007 WL 2874450, at *5 (N.D.N.Y. Sept. 27, 2007) (finding that an EEOC filing was timely because the timing of a Charge filing could relate back to the date on which plaintiff filed a "New Charge Questionnaire," and concluding that questions as to which claims fell within 300 days of the New Charge Questionnaire filing and which claims should benefit from equitable tolling were factual matters best resolved at summary judgment); *Graham v. Avella Area Sch. Dist.*, No. 02-cv-1344, 2006 WL 1669881, at *3 (W.D. Pa. June 14, 2006).

This is consistent with the rule in the Third Circuit that even substantive findings of discrimination by the EEOC are not automatically admissible at trial, *Coleman v. Home Depot*, 306 F.2d 1333 (3rd Cir. 2002), but may in appropriate instances be subject to a threshold review by the court.

Upon review of Plaintiff's Complaint and the EEOC record, I find it entirely plausible that Plaintiff filed the Charge within 300 days of his termination. Any argument to the contrary raises a factual dispute not properly resolved at this stage of the litigation. Defendant, by its own admission, states that it terminated Plaintiff on March 10, 2016. Def.'s Mot. Dismiss 2, ECF No. 13. By my count, the EEOC received the Charge on December 29, 2016, with the result that any termination date later than March 5, 2016 would fall within 300 days of the filing, and not be time barred. In his Second Amended Complaint (as in his Official Charge), Plaintiff again states that he was "terminated in or about March of 2016." SAC ¶ 24. Thus, although unartfully pled, nothing on the face of Plaintiff's Complaint indicates that the alleged adverse employment action

4

occurred on a day in March that would render Plaintiff's filing untimely. Making all inferences in Plaintiff's favor, and reviewing Defendant's motion under the standards set out in Federal Rule of Civil Procedure 12(b)(6) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), there is no reason to dismiss Plaintiff's claims for failing to exhaust administrative remedies.

In a footnote, Defendant has also moved to dismiss Plaintiff's wrongful termination claim, Def.'s Mot. Dismiss 7 n.4., which is based on Plaintiff's allegation that he was fired for filing a workers' compensation claim related to injuries he suffered during a confrontation with the supervisor who allegedly harassed him. Under Pennsylvania law, termination of a worker for filing a claim for compensation is considered a violation of public policy, and therefore actionable. *Shick v. Shirey*, 552 Pa. 590, 592, 716 A.2d 1231, 1232 (1998). Defendant summarily denies that "an institution like Temple University" would penalize an employee for filing a workers' compensation claim. Def.'s Mot. Dismiss 7 n.4. This is obviously an issue of fact, not appropriate for resolution through a motion to dismiss.

Defendant's Motion to Dismiss will therefore be denied in its entirety.

      /s/ Gerald Austin McHugh
United States District Judge